## ILLINOIS MATCH COMPANY *v.* BROOMALL.

---

### TRADEMARKS.

The one who is first to adopt a mark and actually use it on his goods, and not the one who first selects the mark with the intention of using it, is entitled to register it as a trademark.

No. 610.    Patent Appeals.    Submitted January 13, 1910.    Decided February 1, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. C. L. Parker* for the appellant.

*Mr. Charles N. Butler* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in a trademark interference, awarding priority of adoption and use of the mark in issue to appellee, Charles A. Broomall. The mark in interference consists of the words "Velvet Tip" as a trademark for matches. Appellant, the Illi-

nois Match Company, secured the registration of this mark
June 11, 1907, alleging the use of the mark since June 23,
1906. Appellee alleges in his application the use of the mark
"Velvet Tips" as a mark for matches since April 1, 1906. It
appears from the record that appellant decided to adopt its
mark in November, 1905, and that preparations were made to
manufacture and place on the market matches designated ·by
this mark. Before this was accomplished, appellant's plant
was destroyed by fire. The factory was subsequently recon-
structed, and appellant entered into a contract with the Western
Match Company on March 14, 1906, for the purchase of a
certain quantity of matches. It is contended by appellant that
these matches were to bear the mark "Velvet Tip." The con-
tract, however, does not so specify, but merely mentions "dou-
ble-tipped matches." The first actual shipment of. matches un-
der this contract was made on June 23, 1906.

It appears from the evidence submitted by the appellee that
he decided to use the mark "Velvet Tips" for matches early in
the year 1906, and that he received an order for this brand,
which was filled, and the goods bearing the mark were shipped
from the factory to the purchaser on June 4, 1906. There is
evidence of other shipments of the same brand being made on
the same day. It is insisted by appellant that, although ap-
pellee actually shipped matches bearing the mark in question
prior to its use of the mark, its delay was occasioned by the
burning of its factory; that the equities are in its favor; and
that it should, therefore, be given the award of priority.

Section 7 of the trademark act, among other things, provides
that the Commissioner "may refuse to register both of two
interfering marks, or may register the mark, as a. trademark,
for the person first to adopt and use the mark." [33 Stat. at
L. 726, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1280].
It is settled law that the one first to adopt and actually use a
mark on the goods, and not the one who first selects the mark
with the intention of using it, acquires a right to the trade-
mark. In *Macmahan Pharmacal Co.* v. *Denver Chemical Mfg.
Co.* 51 C. C. A. 302, 113 Fed. 468, the court said: "The right

to a trademark at common law, independent of the registration statute, is not created by invention or priority of adoption alone. A word, symbol, or device, to be a valid trademark constituting a right of property, must have been used by the owner, in connection with the sale of his goods, for such length of time, and under such circumstances, as indicates to the trade that the goods in connection with which it appears are his goods, as distinguished from those of other manufacturers or dealers. The mere adoption of such word, symbol, or device, unaccompanied by such a use, is not sufficient to create an exclusive right thereto." To the same effect are *American Washboard Co.* v. *Saginaw Mfg. Co.* 50 L.R.A. 609, 43 C. C. A. 233, 103 Fed. 281; *Welsbach Light Co.* v. *Adam,* 107 Fed. 463; *Kathreiner's Malzkaffee* v. *Pastor Kneipp Medicine Co.* 27 C. C. A. 351, 53 U. S. App. 425, 82 Fed. 321. This rule is founded in reason. The act of adoption is one within the mind of the person intending subsequently to put it into actual use, and it would seldom occur that any record of such adoption would appear available for the purpose of corroboration. Unlike a patent, the elements of invention and discovery are absent. As the right granted is exclusive authority to use the mark on the class of goods designated, it is a sound rule that use, and not adoption, should be made the test. In the *Trade-Mark Cases,* 100 U. S. 82, 25 L. ed. 550, the court said: "The ordinary trademark has no necessary relation to invention or discovery. The trademark recognized by the common law is generally the growth of a considerable period of use, rather than a sudden invention. * * * At common law the exclus've right to it grows out of its *use,* and not its mere adoption." Applying this rule the case of appellant must fall, since the evidence clearly establishes the prior use of the mark by appellee.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                              *Affirmed.*